UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSSITZA LAZOVA, M.D., <br><br>                    Plaintiff, <br><br>    v. <br><br>YALE UNIVERSITY, <br><br>                    Defendant. | Case No.: 3:15-cv-01834 (JCH) <br><br><br><br><br><br><br><br>March 1, 2016 |

**LOCAL CIVIL RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Complaint Filed:  December 17, 2015

Complaint Served:  December 18, 2015

Defendant's Appearance:  January 7, 2016

      Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and D. Conn. L. Civ. R. 16, a conference was held on February 25, 2016.  The participants were:

    *For Plaintiff:*

    Nina T. Pirrotti, Esq.
    Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C.
    405 Orange Street
    New Haven, CT 06511

    *For Defendant:*

    Patrick M. Noonan, Esq.
    Donahue, Durham & Noonan, P.C.
    741 Boston Post Road
    Guilford, CT 06437

**I.**    **CERTIFICATION**

      Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt

settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

Plaintiff , Rossitza Lazova, M.D., Associate Professor of Dermatology and of Pathology at the Yale School of Medicine, brings claims for violations of Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 et seq. (the "CFEPA"), alleging that Defendant Yale University denied her promotion to full professor allegedly in retaliation for her opposition to Defendant's alleged unlawful sex discrimination.

### B. Defenses and Claims of Defendant

Defendant denies that it engaged in unlawful sex discrimination and/or retaliation in violation of Title VII and the CFEPA and contends that Plaintiff was not promoted for legitimate, non-discriminatory reasons.

## IV.  STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1. Plaintiff is an Associate Professor of Dermatology and of Pathology at the Yale School of Medicine (the "YSM"), a position she has held since July 1, 2003.

2. From 1997 to 2003, Plaintiff was an Assistant Professor of Dermatology at YSM.

3. In total, Plaintiff has been employed by YSM for almost 19 years.

4. Plaintiff has been an associate professor at YSM longer than any other professor in YSM's Department of Dermatology.

5. Plaintiff is female.

6. Defendant is a non-profit university located in New Haven, Connecticut.

7. Defendant employs 15 or more employees in Connecticut.

8. Defendant is Plaintiff's employer within the meaning of Title VII and the CFEPA.

9. The YSM is the graduate medical school at Defendant.

10. Plaintiff filed complaints with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") and the federal Equal Employment Opportunity Commission (the "EEOC") alleging retaliation for her complaints about an alleged discriminatory denial of promotion based on her sex.

11. The CHRO and EEOC complaints were filed in a timely manner insofar as they were filed within 180 days of the date that Plaintiff received notice of her denial of promotion.

12. Plaintiff received a Right to Sue letter from the CHRO, dated October 6, 2015.

13. Plaintiff filed her District Court complaint within 90 days of her receipt of the Right

3

to Sue letter.

**V.     CASE MANAGEMENT PLAN**

    **A.     Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

    **B.     Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    **C.     Early Settlement Conference**

        1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

        2.     The parties do not request an early settlement conference.

        3.     If and when a settlement conference is held, the parties prefer a settlement conference with a magistrate judge.

        4.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.     Joinder of Parties and Amendment of Pleadings**

        1.     Plaintiff shall be allowed until March 10, 2016 to file motions to join additional parties and/or amend the pleadings.

        2.     Defendant shall be allowed until 30 days after service of any amended complaint to answer or otherwise respond to any amended complaint and to file motions to join additional parties.

**E.     Discovery**

      1.     The parties anticipate that discovery will be needed on all subjects and issues fairly arising out Plaintiff's claims for violations of Title VII and the CFEPA, and the issue of Plaintiff's damages.

      2.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by March 1, 2016 and completed (not propounded) by June 1, 2017.

      3.     Discovery will be conducted in phases, with expert disclosure to follow depositions of fact witnesses.

      4.     Discovery will be completed by June 1, 2017.

      5.     The parties anticipate that Plaintiff will require a total of 12 depositions of fact witnesses and that Defendant will require a total of 7 depositions of fact witnesses. The depositions of fact witnesses will commence by April 1, 2016 and be completed by December 1, 2016.

      6.     The parties anticipate requesting permission to serve more than 25 interrogatories.

      7.     Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 1, 2016. Depositions of any such experts will be completed by March 15, 2017.

      8.     Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 17, 2017. Depositions of such experts will be completed by June 1, 2017.

      9.     A damages analysis will be provided by any party who has a claim or

counterclaim for damages by May 2, 2016.

      10.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

Plaintiff shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Plaintiff's possession, custody or control, for the time period commencing five years prior to the filing of the Complaint and continuing through and including the date of trial.

Defendant shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Defendant's possession, custody or control, for the time period commencing five years prior to the filing of the Complaint and continuing through and including the date of trial.

      11.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:

If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work product claim, it may promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim. The producing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

**F.     Dispositive Motions**

Dispositive motions will be filed on or before July 5, 2017.

**G.     Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

**VI.    TRIAL READINESS**

The case will be ready for trial within 30 days of the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| FOR THE PLAINTIFF, | FOR THE DEFENDANT, |
|---|---|
| ROSSITZA LAZOVA, M.D. | YALE UNIVERSITY |

By:  /s/                                               By:  /s/                                      
    Nina T. Pirrotti (ct26792)                          Patrick M. Noonan (ct00189)
    Joshua R. Goodbaum (ct28834)                  Donahue, Durham & Noonan, P.C.
    Garrison, Levin-Epstein, Fitzgerald &            741 Boston Post Road
       Pirrotti, P.C.                                         Guilford, CT 06437
    405 Orange Street                                       Tel:  (203) 458-9168
    New Haven, CT 06511                                 Fax:  (203) 458-4424
    Tel:  (203) 777-4425                                    Email:  pnoonan@ddnctlaw.com
    Fax:  (203) 776-3965
    Email:  npirrotti@garrisonlaw.com
           jgoodbaum@garrisonlaw.com

## **CERTIFICATION**

     I hereby certify that on March 1, 2016, a copy of foregoing Local Civil Rule 26(f) Report of Parties' Planning Meeting was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                               By:  /s/                                      
                                                   Patrick M. Noonan (ct00189)
                                                   Donahue, Durham & Noonan, P.C.
                                                   741 Boston Post Road
                                                   Guilford, CT 06437
                                                   Tel:  (203) 458-9168
                                                   Fax:  (203) 458-4424
                                                   Email:  pnoonan@ddnctlaw.com