## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------X
                             :
ROSSITZA LAZOVA              :      Civil No. 15CV01834(JCH)
                             :
v.                           :
                             :
YALE UNIVERSITY              :      April 25, 2016
                             :
-----------------------------X
```

### SETTLEMENT CONFERENCE ORDER

This case is scheduled for a settlement conference on **July 12, 2016, at 1:00 p.m.** with the Honorable Sarah A. L. Merriam, United States Magistrate Judge.

The orders set forth herein are mandatory and required of all parties. While settlement conferences are often less formal than other court proceedings, the orders of the Court surrounding such conferences carry no less weight than any other Court order. In order for a settlement conference to be productive, the parties and the Court must be well-prepared in advance. Failure to comply fully, and in a timely fashion, with this order, may result in the imposition of sanctions by the Court, sua sponte. See, e.g., Nick v. Morgan's Foods, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo. 2000) ("Rule 16 expressly gives the court the authority in its discretion, to order litigants to participate in pretrial proceedings, including hearings to facilitate settlement [and] also explicitly addresses a judge's authority to issue sanctions for failure to comply with the court's pretrial orders."); see also Brooks v. Lincoln Nat'l Life Ins. Co., No. 8:05CV118, 2006 WL 2487937, at *3 (D. Neb. Aug. 25, 2006) (affirming Magistrate Judge's imposition of sanctions for failure to comply with mediation order); Shihan Chen v. Arts Nail Putnam Valley, Inc., No. 14CV3037(ALC)(JCF), 2015 WL 2381033, at *2 (S.D.N.Y. May 13, 2015) (awarding fees as sanction for failure to comply with settlement conference order); Gen. Conference Corp. of Seventh-Day Adventists v. McGill, No. 06CV1207, 2009 WL 1505738, at *7 (W.D. Tenn. May 28, 2009) aff'd, 617 F.3d 402 (6th Cir. 2010) ("As a sanction for the Defendant's willful failure to comply with the [settlement conference] scheduling order, default judgment will be awarded to the Plaintiffs on their remaining claims.").

The parties should expect to spend the entire day in the settlement conference, and should not schedule other matters for the same date without prior approval of the Court.

## A.    PRE-CONFERENCE REQUIREMENTS

### 1. Demand & Offer

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. **Before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counterproposals shall be made.**

If the parties are able to settle the case prior to the date of the conference, counsel shall notify the Court in writing immediately.

If settlement is not achieved before the conference, the parties must be prepared to engage in further negotiation at the conference. Therefore, on or before **June 17, 2016,** plaintiff's counsel shall serve a formal settlement demand upon counsel for the defendant. The demand shall be accompanied by the plaintiff's analysis of damages. If the defendant disagrees with the plaintiff's calculation of damages, the defendant's counsel shall respond to the plaintiff's analysis on or before **June 22, 2016.** The defendant shall make an initial settlement offer on or before **June 24, 2016.**

### 2. Ex Parte Settlement Statement

**On or before June 30, 2016,** each party shall provide to the undersigned, in confidence, a concise ex parte statement, **no longer than five (5) pages in length.** The statement must include:

(a) a summary of settlement negotiations to date, including the parties' compliance with the requirement of pre-conference proposals and counterproposals and discussion of any obstacles or impediments to settlement;

(b) a description of the disputed issues and evidence expected to be offered at trial;

(c) a damages analysis or response to plaintiff's damages analysis;

(d) an assessment of the strengths and weaknesses of each party's claims and defenses; and

(e) a list of all those who will attend the conference, including job titles if pertinent to the case.

**Each of these elements is required.**

The ex parte statement may be accompanied by exhibits (i.e., depositions, damages analysis, photographs, expert reports, medical records), if these would be of assistance to the Court. The statement should be emailed to salm_settlement@ctd.uscourts.gov before the close of business on **June 30, 2016**. If a party is unable to email the materials, the party may hand-deliver or mail the materials to Courtroom Deputy Breigh Freberg at 141 Church Street, New Haven, Connecticut, but they must **arrive** on or before the deadline.  Exhibits over 20 pages long must be mailed or delivered to Ms. Freberg in addition to being provided by email.

B.   **PRESENCE OF PARTIES/PERSONS WITH AUTHORITY**

"Court-ordered mediation with each party physically present facilitates compromise and resolution, which saves the parties', the court's, and the public's resources[.]" Chancey v. Hartford Life & Acc. Ins. Co., 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011).

All parties are hereby **ORDERED** to be physically present at the conference. If a party is a legal entity, rather than an individual, a representative of the party **who is fully authorized to decide all matters pertaining to the case** must be physically present at the conference. The Court will not hold a settlement conference without all parties present. Availability of a party by telephone is not permitted without express prior authorization of the Court. Authorization must be sought, in the form of a motion, at least **14 days** prior to the conference, that is, on or before **June 28, 2016,** and must set forth (1) good cause for the request, and (2) all other parties' positions with regard to the request.

**Not later than 14 days before the conference**, that is, on or before **June 28, 2016,** counsel shall disclose in writing to all other parties a list of all those who will be attending the

conference, including their job titles.

For a plaintiff, "**full authority**" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms appropriate to the circumstances of the case.

For a defendant, "**full authority**" means final authority to commit a defendant to pay, in the representative's own discretion, without the need for further approval, a settlement amount appropriate to the circumstances of the case.

In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative **with full authority** to settle the case is also physically present at the conference.

The purpose of this requirement is to have in attendance a person with both the authority to exercise discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.

## C.   CONDUCT OF SETTLEMENT CONFERENCE

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted so that no party will be prejudiced in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party or to the trial judge, unless the party authorizes disclosure.

Each conference is tailored to the needs of the individual case. Generally, the conferences are conducted in separate, ex parte sessions. The parties should be prepared to provide a brief presentation to the Court, outlining the factual and legal issues presented by the case. Should the parties fail to reach a settlement, the judge may discuss issues of remaining discovery, substantive motions, and other work necessary to prepare the case for trial.

All statements made by the parties relating to the substance or merits of the case, whether written or oral, made solely during the settlement conference, shall be deemed confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other

contexts, such as a hearing on a motion for sanctions regarding the settlement conference.

**D.    ELECTRONIC DEVICE POLICY**

Attorneys who are in possession of a copy of this settlement conference order and who show a photo ID, including but not limited to a Connecticut Judicial Branch Attorney photo ID card, are hereby authorized to possess cellular phones, tablets and/or laptop computers at the settlement conference. If counsel wish to seek approval for their clients or client representatives to retain electronic devices, they must file a motion with the Court providing the names and titles of those seeking to retain their devices, and the case-related basis for the request. Any such motions must be filed at least 14 days before the conference, that is, on or before **June 28, 2016.**

**Any devices brought into the Court building must be completely silenced, including any vibrate or other alert mechanism.** Such devices may be used only to facilitate the conduct of the settlement conference.  No audio or video recording device may be employed at any time while in the Court building.

SO ORDERED.

_____/s/_____
SARAH A. L. MERRIAM
United States Magistrate Judge